BANJO BUDDIES, INC., Plaintiff

v.

Joseph F. RENOSKY and Renosky Lures, Inc. Defendants

No. CIV. 01–131–B–H.

United States District Court, D. Maine.

Jan. 31, 2002.

Todd S. Holbrook, Esq., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Banjo Buddies Inc., plaintiffs.

Christopher B. Branson, Esq., Murray, Plumb & Murray, Portland, ME, C. James Zeszutek, Esq., John J. Richardson, Esq., Thorp, Reed & Armstrong, LLP, Pittsburgh, PA, for Joseph F. Renosky, Renosky Lures, Inc., defendants.

## ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DEFENDANTS' MOTION FOR ATTORNEY FEES

HORNBY, Chief Judge.

This is a lawsuit for patent infringement. Initially, I denied a temporary restraining order to the plaintiff. When the defendants answered, they pleaded five counterclaims asserting that the patents were invalid. After discovery and failed settlement negotiations the plaintiff wants to dismiss its lawsuit without prejudice, saying that the defendants have not sold

enough of the offending fishing lures to make the lawsuit economically worthwhile. The defendants say that they join in the request for dismissal but want it to be *with* prejudice as to the plaintiff and *without* prejudice as to the counterclaims and that they also want approximately $90,000 in attorney fees. In the process of supporting their request for attorney fees, the defendants make extensive arguments as to why the patents are invalid (their counterclaim). In response, the plaintiff says if that's the way it's to be, it would rather try the case.

Fed.R.Civ.P. 41(a)(2) provides that when counterclaims are in a lawsuit a plaintiff can dismiss over a defendant's objection only if the defendant's counterclaims can survive jurisdictionally. Neither party has addressed this issue, and from the defendants' joinder in the request for dismissal (albeit on different terms and conditions), I treat it as being waived. Rule 41(d) also provides for payment of costs as a condition to refiling a lawsuit that has previously been dismissed without prejudice, but the defendants do not seek their attorney fees under this provision.

I will either dismiss the lawsuit under Rule 41 or adjudicate it on the merits (the case is scheduled for trial in March), not both, as seems to be contemplated by the current motion practice requiring me to make judgments concerning the patents' validity. If I must rule and if I conclude that the case is to be dismissed without prejudice, I expect to order payment of reasonable attorney fees and costs—payable not at this time, but as a precondition to a second lawsuit concerning these claims/counterclaims. I see no reason to treat the parties differently if there is a dismissal. In other words, the fees order will run against both sides of the dispute concerning their respective claims. Likewise, if I must rule and if the dismissal is to be with prejudice, I expect that it will be with prejudice on the counterclaims as well as on the complaint.

The lawyers need to consult carefully with their clients over their goals here. This is not a time for further posturing. In fact, the aborted settlement should perhaps be reconsidered as an economical resolution rather than a trial that apparently neither side wants.

The parties shall confer and notify the court of their positions by February 14, 2002.

The defendants' motion to exceed the page limitation of their memorandum supporting their opposition to the plaintiff's request for voluntary dismissal is GRANTED.

So Ordered.